IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEVON NEWTON,<br>    Plaintiff, | :<br>:<br>: | |
| v. | : | CIVIL ACTION NO. 25-CV-5009 |
| ADULT PROBATION & PAROLE,<br>PROBATION OFFICERS, *et al.*,<br>    Defendants. | :<br>:<br>:<br>: | |

<u>MEMORANDUM</u>

**MARSTON, J.**                                                                                                                                                             November 6, 2025

      Pro se Plaintiff Devon Newton filed this civil action against the Philadelphia Adult Probation and Parole Department ("PAPPD") and several PAPPD employees, challenging his probation in a Pennsylvania state court criminal matter.  (Doc. No. 1.)  He also seeks leave to proceed *in forma pauperis*.  (Doc. No. 5.)  For the following reasons, the Court will grant Newton's application to proceed *in forma pauperis* and dismiss his Complaint.

**I.     FACTUAL ALLEGATIONS[1]**

      Newton's factual allegations are scattered and extremely difficult to understand.  As best as the Court can understand, he alleges that "Adult Probation and Parole Officers used their . . . position of authority to violate my 8th Amendment [and] . . . 5th Amendment rights by having me on probation . . . ."  (Doc. No. 1 at 4.)  He states that "to be on probation is cruel and unusual punishment[,] to suffer the suffering of not [being] allowed to be the man [he] was rightly destined to be/can't while on probation."  (*Id*. at 5.)  He asserts that "[a] probation sanction is an

---

[1] Newton's Complaint consists of the Court's form complaint available for use by unrepresented litigants and an attached typewritten document.  (Doc. No. 1.)  The Court deems the entire submission to constitute the Complaint and adopts the pagination supplied by the CM/ECF docketing system.  Where appropriate, grammar, spelling, and punctuation errors in Newton's pleading will be corrected for clarity.  Additionally, the Court includes facts reflected in publicly available dockets, of which this Court may take judicial notice.  *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (courts may consider "matters of public record" in determining whether a pleading has stated a claim).

injury to [his] motivation, determination, energy, power, stamina, and ability to make decisions on [his] own." (*Id.*)  Newton's Complaint does not allege any discernible facts in support of his claims, including why being placed on probation constitutes "cruel and unusual punishment," or how the named Defendants violated his constitutional rights.  (*See generally id.*)  In an attached typewritten document, Newton states he is suing Defendants for "stress weight and hair loss and for violating [his] 5th Amendment, 4th Amendment, and human being rights by enslaving [his] identity."  (*Id.* at 11.)  Newton appears to claim that the mere fact of being on probation violates his constitutional rights.  (*See generally id.*)

Newton does not specify under what circumstances he was sentenced to probation; however, he alleges that the events giving rise to his claims occurred on September 7, 2023.  (Doc. No. 1 at 4.)  This corresponds to the date he was sentenced to three years of probation in *Commonwealth v. Newton*, CP-51-CR-0005064-2022 (Phila. Ct. Comm. Pl.).[2]  The term of probation imposed in that case was also the subject of a prior lawsuit Newton filed in this Court.  *See Newton v. Phila. Pa. Adult Prob. and Parole Dept.*, No. 25-908 (E.D. Pa.).[3]  Based on the allegations in the Complaint, including the reference to September 7, 2023, the Court therefore understands Newton to challenge his sentence in *Commonwealth v. Newton*.  He seeks $18 million in damages.  (*Id.* at 5.)

---

[2] The publicly available docket for Newton's criminal case reflects that the sentence for his September 7, 2023 conviction by way of a *nolo* plea included a three-year term of probation during which he was not to have contact with the victim of his crime unless authorized by the Court, could not leave Philadelphia without the permission of his probation/parole officer, and was required to complete domestic violence therapy, among other conditions.  *Commonwealth v. Newton*, CP-51-CR-0005064-2022.  On October 17, 2024, following a *Gagnon II* hearing, Newton was found in violation of his probation and sentenced to an additional term of probation.

[3] In that case, Newton sued the PAPPD and probation officers Eric Corey, Jr. and Sinai Hill, alleging that the term of probation imposed in *Commonwealth v. Newton*—in particular, the stay away order preventing him from contacting his son or the mother of his child—violated his constitutional rights.  *See Newton*, No. 25-908, Doc. No. 2.  The Court dismissed the case with prejudice for failure to state a claim on April 2, 2025.  *Id.*, Doc. No. 6.

## II. MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

The Court will grant Newton leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. *See* 28 U.S.C. § 1915(a) (stating that the Court may authorize the commencement of a lawsuit "without prepayment of fees or security" upon a showing that a prisoner is "unable to pay such fees or give security therefor").

## III. SCREENING UNDER § 1915(E)

Because the Court grants Newton leave to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state "a claim on which relief may be granted." *See id.* ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—the action or appeal fails to state a claim on which relief may be granted.").

### A. Legal Standard

In analyzing a complaint under § 1915(e)(2)(B)(ii), we use the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). So, the Court must determine whether Newton's Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted). Conclusory allegations do not suffice. *Id.* However, because Newton is proceeding pro se, we liberally construe the allegations in his Complaint. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011) ("The obligation to liberally construe a *pro se* litigant's pleadings is well-established.").

B.    Analysis

The Court understands Newton to allege that being sentenced to probation in *Commonwealth v. Newton* violated his constitutional rights under the Fourth, Fifth, and Eighth Amendments.  (Doc. No. 1 at 3–4.)  The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983.[4]  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Newton names as Defendants the PAPPD, Probation Officer Eric Corey, Jr., Parole Agent Wesley, and unspecified "probation and parole officers."  (Doc. No. 1 at 2–3.)  Beginning with the PAPPD, there is no legal basis for a § 1983 claim against the PAPPD because as an arm of the Commonwealth, it is not considered a "person" under § 1983 and, like the Commonwealth itself, it is entitled to Eleventh Amendment immunity.  *See J. C. v. Ford*, 674 F. App'x 230, 232 (3d Cir. 2016) ("[T]he Philadelphia Adult Probation and Parole Department and its employees acting in their official capacity are entitled to [Eleventh Amendment] immunity from damages suits."); *see also Henry v. Phila. Adult Prob. & Parole*, 297 F. App'x 90, 90 n.1 (3d Cir. 2008) ("PAPPD is an arm of the Commonwealth of Pennsylvania and not the City of Philadelphia.  The Eleventh Amendment would have barred any claims on appeal against the PAPPD.").  Accordingly, Newton's claims against the PAPPD are dismissed with prejudice.

---

[4] Using the Court's form complaint for civil rights violations, Newton checked boxes to indicate that he asserts claims under both § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  (Doc. No. 1 at 3.)  However, because no federal officer is named in the Complaint, Newton has no basis to assert a *Bivens* claim.

That leaves the individual capacity claims against the individual Defendants.[5] "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *see also Jutrowski v. Township of Riverdale*, 904 F.3d 280, 290 (3d Cir. 2018) ("Each Government official, his or her title notwithstanding, is only liable for his or her *own* misconduct.") (quoting *Iqbal*, 556 U.S. at 677); *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" (quoting *Rode*, 845 F.2d at 1207)). Newton asserts that Defendants, as "Adult Probation and Parole Officers[,] used their . . . position of authority to violate [his] 8th Amendment [and] . . . 5th Amendment rights by having [him] on probation . . . ." (Doc. No. 1 at 4.) Other than this vague statement, Newton does not assert any facts to explain how the individual Defendants violated his constitutional rights. (*See id.*) Because Newton fails to allege any facts as to Defendants Wesley, Corey, and the unnamed agents' misconduct, his claims against them are not plausible.

Further, because Newton's civil rights claims challenge the terms of a criminal sentence that has not been invalidated, his § 1983 claims are not plausible. "[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions

---

[5] In drafting his Complaint, Newton indicated that he seeks to name the individual Defendants only in their official capacities. (*See* Doc. No. 1 at 2–3.) But claims against government employees named in their official capacities are indistinguishable from claims against the governmental entity that employs the defendants, here the PAPPD. *See Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" (quoting *Monell v. N.Y.C. Dept. of Soc. Servs.*, 436 U.S. 658, 690, n.55 (1978))). "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.* Thus, Newton's official capacity claims fail to the same extent as his claims against the PAPPD. The Court will, however, liberally construe the Complaint as asserting claims against the individual Defendants in their individual, as well as official, capacities. *See Downey v. Pa. Dep't of Corr.*, 968 F.3d 299, 310 (3d Cir. 2020) ("To determine whether a plaintiff sued state officials in their official capacity, we first look to the complaints and the course of proceedings." (quotations omitted)); *Coward v. City of Philadelphia*, No. 21-1619, 2021 WL 4169422, at *3 (E.D. Pa. Sept. 13, 2021) (permitting claim against defendant in his individual capacity to proceed even though "[plaintiff] did not check the box indicating a desire to sue [that defendant] in his individual capacity" where the allegations clearly sought relief based on the defendant's conduct).

whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) (internal citation and footnote omitted). A claim for damages for "a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983." *Id.* at 487 (emphasis in original); *see also Muhammad v. Close*, 540 U.S. 749, 750 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus," rather than a § 1983 action. (citing *Preiser*, 411 U.S. at 500)); *cf. Lee v. Stickman*, 357 F.3d 338, 342 (3d Cir. 2004) (explaining that "being on probation meets the 'in custody' requirement for purposes of the habeas statute"). Accordingly, to the extent that Newton seeks damages on the grounds that the sentence issued in his criminal case was unconstitutional, his § 1983 claims are barred by *Heck* and dismissed. *See Thompson v. Pa. Bd. of Prob. & Parole*, No. 18-998, 2018 WL 7324564, at *3 (W.D. Pa. Dec. 17, 2018) (recommending dismissal under *Heck* of plaintiff's claims where "[i]t is clear from [the] Complaint that she is attacking the validity of her sentences, including her probation sentences and revocations of her probation . . . .") *report and recommendation adopted*, 2019 WL 126060 (W.D. Pa. Jan. 8, 2019).[6]

---

[6] In the alternative, to the extent Newton attempts to reassert claims previously dismissed with prejudice in *Newton v. Philadelphia Pennsylvania Adult Probation and Parole Department*, No. 25-908 (E.D. Pa.), those claims are barred by claim preclusion. *See Salter v. McKeown*, No. 19-1444, 2020 WL 7319780, at *4 (M.D. Pa. Dec. 11, 2020) (explaining that "[c]laim preclusion bars a party from initiating a second suit against the same adversary based on the same cause of action as the first suit" and noting that a court may dismiss a case *sua sponte* based on claim preclusion).

6

**IV.     CONCLUSION**

For the foregoing reasons, the Court will grant Newton leave to proceed *in forma pauperis* and dismiss his Complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915. He will not be granted leave to amend, because any attempt at amendment in this action would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002). However, the dismissal will be entered without prejudice to Newton filing a new civil rights complaint **only in the event** that his conviction is reversed, vacated, or otherwise invalidated. *See Curry v. Yachera*, 835 F.3d 373, 379 (3d Cir. 2016) (*Heck*-barred claims must be dismissed without prejudice). An appropriate order follows.